UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JULIO DAVILA, on behalf of himself and all other persons
similarly situated,

Plaintiff,

-against-

**CLASS ACTION**
**COMPLAINT**

CHELSEA SENIOR LIVING, LLC,

Defendant.
------------------------------------------------------------------------X

Plaintiff, JULIO DAVILA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendant, CHELSEA LIVING MANAGEMENT, LLC ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked in non-exempt, hourly-paid positions in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

2.      Plaintiff and Class Members spend more than twenty-five percent of their hours worked each week performing manual tasks.

3.      At all relevant times, Defendant compensated Plaintiff and similarly situated current and former employees of Defendant who are/were manual workers in the State of New York on a bi-weekly basis in violation of NYLL § 191.

1

4.      Defendant failed to properly pay Plaintiff and similarly situated current and former employees their wages within seven calendar days after the end of the week in which these wages were earned.  Thus, Defendant failed to provide timely wages to Plaintiff and similarly situated current and former employees who work or have worked for Defendant in the State of New York in violation of NYLL § 191.

5.      Plaintiff brings this action on behalf of himself, and all other persons similarly situated who work or have worked for Defendant in the State of New York in hourly-paid positions including, but not limited to, cooks, dishwashers, servers, housekeeper, maintenance workers, resident attendants and certified nursing assistants, pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of NYLL § 191.  Persons who work or have worked for Defendant in executive, managerial, sales and/or clerical positions are not members of the class that Plaintiff seeks to represent.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  This is a putative class action in which there are 100 or more members in the proposed class, any member of the proposed class is a citizen of a state and any defendant is a citizen of a different state, and the amount in controversy exceeds the sum of $5,000,000.00 in the aggregate.

7.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Plaintiff suffered the losses at issue in this District.

## PARTIES

8.    Plaintiff is a resident of the State of New York.

9.    Defendant is a limited liability company organized under the laws of New Jersey. As an unincorporated association, Defendant's citizenship under CAFA is determined pursuant to section 1332(d)(10).[1]

10.    Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

11.    Defendant is/was an "employer" within the meaning of NYLL § 190(3).

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

12.    Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in the State of New York in hourly-paid positions including, but not limited to, cooks, dishwashers, servers, housekeeper, maintenance workers, resident attendants and certified nursing assistants, at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

13.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  Upon information and belief, there are more than 100 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.  The hours assigned and

---

[1] The standard for determining the citizenship of an unincorporated association under CAFA differs from that applied to a complaint that invokes diversity of citizenship, in which the citizenship of an unincorporated association is determined according to the citizenship of each member.

worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

14.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 100 individuals who are currently, or have been, employed by Defendant in positions at any time during the six (6) years prior to the filing of the initial Complaint.

15.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

16.     Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

17.     All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and

Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

18.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

19.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

20.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

21.    The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

22.    In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

23.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTUAL ALLEGATIONS

### *Violations of NYLL Section 191*

24.    Defendant operates assisted living facilities in Plainview, Rockville Centre, Yaphank and Greenburgh, New York.

25.    Defendant employs hourly-paid workers at its assisted living facilities including, but not limited to, cooks, dishwashers, servers, housekeeper, maintenance workers, resident attendants and certified nursing assistants, who are "manual workers" within the meaning of Labor Law § 190(4).

26.    Defendant failed to pay Plaintiff and similarly situated manual workers who worked in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly or semi-monthly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

27.    Plaintiff was employed by Defendant as a cook from October 2023 until March 19, 2024. Plaintiff's job duties included preparing food; cooking meals; and making rounds in the kitchen and dining room. Over twenty-five percent of the cook's duties require physical tasks,

including but not limited to, lifting, pushing and/or moving up to 50 pounds and standing for long periods of time.

28.    Defendant employs and has employed hourly-paid maintenance workers who are responsible for maintaining the facility as well as its grounds; cleaning common areas; cleaning rest rooms; sweeping, vacuuming and washing floors; and emptying trash.  Over twenty-five percent of the maintenance worker's duties require physical tasks, including but not limited to, bending, lifting, carrying, pushing, pulling, crawling, stooping, kneeling, climbing, walking; and standing for long periods of time.

29.    Defendant employs and has employed hourly-paid dietary aides and dishwashers who are responsible for assisting with food preparation; setting up the dining room for meals; filling and operating the dishwasher; cleaning and washing plates, dishes, glasses, utensils, pots, pans and cookware; sanitizing and cleaning food service areas; restocking, cleaning and maintaining storerooms. Over twenty-five percent of the dishwasher's duties require physical tasks, including but not limited to, unloading cutlery and dishes brought to the kitchen; loading and organizing cutlery and dishes into the dishwasher; washing, cleaning, scrubbing, scouring pots, pans and cookware; washing and storing dishes and equipment; mopping and cleaning the kitchen; bending, lifting, carrying, stretching and standing for long periods of time.

30.    Defendant employs and has employed hourly-paid food servers who are responsible for serving meals to residents.  Over twenty-five percent of the food server's duties are physical tasks, including but not limited to: serving meals; setting up and taking down dining areas; assisting with kitchen maintenance and general cleaning; lifting, bending, walking, carrying, and standing for long periods of time.

31.     Defendant employs and has employed hourly-paid housekeepers who are responsible for cleaning common areas; cleaning restrooms; sweeping, vacuuming, washing and waxing floors; cleaning residents' apartments; dusting; emptying trash; transporting soiled linen and laundry to the laundry room; folding and stacking clean linen; and collecting and delivering residents' personal clothing.   Over twenty-five percent of the housekeeper's duties require physical tasks, including but not limited to: bending, crawling, reaching, stooping, kneeling, crouching, lifting, carrying and standing for long periods of time.

32.     Defendant employs and has employed hourly-paid resident attendants who are responsible for assisting residents with all activities of daily living including, but not limited to, dressing, toileting, oral hygiene and nail care; assisting the residents at mealtime; assisting with laundry service; performing daily housekeeping including making of bed, straightening up residents' apartments; removing trash; and transporting residents to activities and meals. Over twenty-five percent of resident attendant's duties require physical tasks, including but not limited to: bending, crawling, reaching, stooping, kneeling, crouching, lifting, carrying and standing for long periods of time.

33.     Defendant failed to properly pay Plaintiff and Class Members their wages within seven calendar days after the end of the week in which these wages were earned.  Thus, Defendant failed to provide timely wages to Plaintiff and Class Members in violation of NYLL § 191.

34.     Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

35.    Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

36.    Each time that Plaintiff and Class Members received late compensation for the work that they performed, Defendant underpaid them for the work that they performed.

37.    Each time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to them. As a result, Plaintiff and Class Members were unable to do those things that every person does with their money, such as paying bills or buying goods that she needed or wanted to buy.

38.    By Defendant's failure to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

***Discrimination in Violation of the NYSHRL***

39.    Plaintiff is age 60, having been born in 1964.

40.    Plaintiff was qualified for his job and performed his work in an exemplary manner.

41.    On or about March 1, 2024, Plaintiff received a performance evaluation in which he received a rating of 4 on a scale of 1 to 5.

42.    Plaintiff was subjected to age-based harassment on a weekly basis by a co-worker, Brian (last name unknown), who is younger than Plaintiff and approximately 25 to 30 years old.

43.    Plaintiff's younger co-worker constantly referred to Plaintiff as "the old man" and told Plaintiff that he was going to get him fired.

44.     Plaintiff's co-worker frequently smelled of marijuana and alcohol and apparently came to work under the influence of marijuana and alcohol because his demeanor was erratic.

45.     On or about March 17, 2024, Plaintiff's co-worker was verbally aggressive with Plaintiff and threatened Plaintiff with bodily harm.  Plaintiff's co-worker tried to provoke Plaintiff to engage with him in a physical altercation and yelled, "let's go outside."

46.     Plaintiff remained calm and did not respond to his co-worker during this assault. Instead, Plaintiff removed himself from the situation and reported the co-worker's volatile conduct to a secretary.  Plaintiff expressed his apprehension and concern for his physical safety the secretary, who then reported the situation to management.

47.     On March 19, 2024, Defendant terminated Plaintiff's employment because of the incident that he reported on March 17, 2024.

48.     Plaintiff's co-worker bragged to other employees that he "got rid of the old man."

49.     Defendant did not terminate the employment of Plaintiff's co-worker who had instigated the incident and who threatened Plaintiff with bodily harm.

50.     Defendant discriminated against Plaintiff in the terms, conditions and privileges of employment on the basis of age in violation of the Human Rights Law.

**FIRST CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

51.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52.     Plaintiff and Class Members are "manual workers" as defined by the New York Labor Law.

53.     Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

54.    Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly in violation of NYLL § 191.

55.    Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

56.    Plaintiff and Class Members are entitled to liquidated damages in an amount equal to the total of the delayed wages, plus reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE HUMAN RIGHTS LAW**

57.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58.    Plaintiff was subject to discrimination because of his age in violation of the NYSHRL.

59.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer loss of income and other incidental and consequential damages in an amount to be determined at trial.

60.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

61.    The conduct described herein was done in conscious disregard of Plaintiff's rights.

62.    As a result of the result of the discrimination described herein, Plaintiff is entitled to damages for back pay, emotional distress, punitive damages, attorney's fees and costs incurred in prosecuting these claims.

## THIRD CLAIM FOR RELIEF
## NEW YORK STATE HUMAN RIGHTS LAW

63.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Plaintiff was subject to retaliation because he complained of discrimination in violation of the NYSHRL.

65.     As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer loss of income and other incidental and consequential damages in an amount to be determined at trial.

66.     As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

67.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

68.     As a result of the result of the retaliation described herein, Plaintiff is entitled to damages for back pay, emotional distress, punitive damages, attorney's fees and costs incurred in prosecuting these claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)     Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.)     Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law;

(iv.)     Liquidated damages pursuant to NYLL § 198 (1-a);

(v.)    Damages for loss of past and future income, compensation and benefits;

(vi.)    Punitive damages under the NYSHRL;

(vii.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(viii.)    Pre-judgment and post-judgment interest as permitted by law; and

(xi.)    Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        March 29, 2024

                          ROMERO LAW GROUP PLLC

              By:    */s Peter A. Romero*
                     _____
                     Peter A. Romero, Esq.
                     490 Wheeler Road, Suite 277
                     Hauppauge, New York 11788
                     Tel. (631) 257-5588
                     promero@romerolawny.com

                     *Attorneys for Plaintiff*